UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE ARNOLD
*Plaintiff*

VS. C.A. NO.: 07-373

JOHNSON TRUCK BODIES, INC.
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S PETITION FOR REMOVAL**

1. FACTS

Plaintiff, Wayne Arnold, was employed by Defendant, Johnson Truck Bodies, Inc. On/or about August 28, 2007, Mr. Arnold accepted new employment with Kidron Corporation. Thereafter, Mr. Arnold provided the Defendant with notice of his new employment and gave an appropriate two week notice. Plaintiff then sought to begin his employment with Kidron Corporation.

On/or about August 26, 2007, Defendant, Johnson Truck Bodies, Inc. sent correspondence both to Kidron Corporation and to Plaintiff advising them that, in their opinion, Plaintiff's employment with Kidron Corporation was a violation of the Employee Invention, Secrecy Agreement and Covenant Not to Compete for Employees of Johnson Truck Bodies, Inc. ("herein Agreement") that Plaintiff had apparently signed with the Defendant at the commencement of his employment with Defendant in 2003. After consultation with counsel, Plaintiff determined, and so advised Defendant, that Plaintiff felt his employment with Kidron Corporation was not a violation of the Agreement. Plaintiff informed Defendant that Plaintiff felt the Agreement was unenforceable as to its time and content. Kidron Corporation informed Plaintiff,

however, that he could not begin his employment until the matter with Defendant was resolved.

Accordingly, because of the dispute over the interpretation of the Agreement there arose a case and controversy between Plaintiff and Defendant. To resolve this case and controversy, Plaintiff filed a Declaratory Judgment Action in the Providence Superior Court. In Plaintiff's complaint, Plaintiff made no demand for damages, as none existed then, and none now exist.

II. <u>ARGUMENT:</u>

There is no disagreement that the rights of the parties here are controlled by 28 U.S.C. §1441, and 28 U.S.C. § 1446(b) as regards Defendant's right to file a Petition to Remove and 28 U.S.C. §1332(a) as regards the jurisdiction of the Federal Court. While Defendant may file a Petition to Remove, in order for the Federal Court to have jurisdiction §1332(a) requires that, in order for the Federal Court to have jurisdiction, there must be both diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and cost. "Federal Courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and Statute, which is not to be expanded by judicial decree.", *Guyon v. Basso*, 403 F. Supp. 2d. 502, at 504 (E.D. Va. 2005).

Plaintiff would contend that, while there is clearly diversity of citizenship, the amount in controversy does not exceed Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

As regards matters of removal, the Courts have been very consistent in their rulings thereon. "The party seeking removal has the burden of establishing Federal Jurisdiction", *Bova vs. U.S. Bank, N.A.*, 446 F.Supp. 2d 926 at 930, (S.D. Ill. 2006) citing also, *Doe v. Allied Signal, Inc.*, 985 F.2d 908 at 911, "Courts should interpret the removal statute narrowly and presume that the Plaintiff may choose his or her forum. Id. and

*Brooks v. Merck & Co., Inc.*, 443 F. Supp. 2d 994 at 998 (S.D. Ill. 2006)," put another way, there is a strong presumption in favor of remand. *Id., Bova*, at 930.

Further, the burden shall be on the Defendant seeking remand to show by preponderance of the evidence that the amount in controversy has been met, *Gafford v. General Electric Company*, 997 F.2d 150 at 158 (6th Cir. 1993). And, "[a]ll doubts as to the propriety of removal are resolved in favor of remand". *Jacada, Ltd., v. International Marketing Strategies, Inc.*, (6th Cir. 1993) and *Id., Guyon*, at 505.

And finally, "removal jurisdiction raises significant federalism concerns and therefore must be strictly interpreted"…. In other words, [i]f federal jurisdiction is doubtful, a remand [to state court] is necessary"…. "This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power". *Sandlass v. Sears, Roebuck and Co.*, 462 F. Supp.2d 701 (D. Md. 2006).

As stated above, Plaintiff has not pleaded for recovery of any damages from the Defendant in the present action. Plaintiff is seeking a interpretation of an agreement signed between Plaintiff and Defendant. Defendant can not simply state in its Notice of Removal that the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, which is exactly what the Defendant has done herein. Courts have held that, "the starting point in determining the amount in controversy is typically the face of the complaint, where the Plaintiff indicates the claim's values in her request"., *Chase v. Shop N' Save Warehouse Foods*, 110 F.3d 424 at 427 (7th Cir. 1997). If the Court will look to the Complaint as filed by the Plaintiff, the Court will see that no claim for damages has been made. This is because the matter is a declaratory judgment matter, seeking only an interpretation of agreement executed by Plaintiff and Defendant.

III. <u>CONCLUSION</u>

For the reasons stated herein, all of the case law states that the removal and remand of an action should be strictly interpreted and should be done so in the light most favorable

to the Plaintiff. In that there is no amount in controversy, the standard for removal cannot be met. Accordingly, Plaintiff requests that the matter herein be remanded back to the Superior Court for the State of Rhode Island for appropriate handling and hearing thereon.

Wayne Arnold
By His Attorney

/s/ Stephen M. Litwin
Stephen M. Litwin, Esquire
Bar No: 2974
1 Ship Street
Providence, RI 02903
Tel: (401) 273-5155
Fax: (401) 273-5751

**CERTIFICATION**

I hereby certify that a true copy of the within Objection was mailed by first class mail to Defendant's Attorney Mark A. Pogue, Esquire, 2800 Financial Plaza, Providence, Rhode Island 02903 on the 25th day of October 2007.

/s/ litwin____________________________