JOHNSON Truck Bodies
A CARLISLE COMPANY

# EMPLOYEE INVENTION, SECRECY AGREEMENT AND COVENANT NOT TO COMPETE FOR EMPLOYEES OF JOHNSON TRUCK BODIES, INC.

JOHNSON TRUCK BODIES, INC., a wholly owned subsidiary of Carlisle Companies, Incorporated, ("the Company") and _Wayne Arnold_ ("the Employee" or Contracted Employee").

The Employee has been or is about to be employed by the Company and in connection with such employment may, from time to time, (1) make inventions which relate to or are useful in connection with the Company's business and/or (2) have imparted to him by or through the Company confidential or secret information pertaining to the Company's business or the businesses of its customers, and in consideration of said employment and the compensation paid to the Employee from time to time hereunder, it is hereby agreed as follows:

(1) Inventions Assigned to the Company: All the right, title and interest of the employee in and to any and all discoveries, inventions and improvements, whether discovered alone or jointly with others, whether patentable or unpatenable, (hereinafter called "Inventions") which relate to or are useful in connection with any aspect of the business of the Company as carried on at the time such Invention is made by the Employee and which are made during his employment with the Company, shall be and are hereby assigned to the Company, or such nominee of the Company as the Company may designate.

(2) Disclosure of Inventions and Assistance in Obtaining and Maintaining Patents: Promptly upon discovery of any Invention described in paragraph (1) above, the Employee shall make a full written disclosure thereof to the Company. At any time, and from time to time thereafter, regardless of whether the Employee is then working for the Company, always at the expense of the Company, the Employee shall, whenever requested, assist the Company as required by it in obtaining, maintaining and enforcing United States, Canadian and Foreign patents covering such Inventions. For example, upon request of the Company, the Employee will assist in the preparation of patents, specifications and drawings pertaining to such Invention, execute Patent Applications, Assignments and Affidavits, give testimony and advise counsel and otherwise assist in the prosecution of Patent Applications and the enforcement of any Patents which may ultimately issue thereon.

(3) Obligation Not To Disclose Confidential Information: Except as provided in paragraph (4), the Employee agrees at all times, both during and after employment with the Company, to hold in confidence with respect to those who are not employees of the Company, any and all processes, formulas, inventions, economic information, engineering data, technical and manufacturing information and know how, sales plans and programs, name of actual or potential customers or suppliers or transactions with them, financial or other operating data except as published by the company, and other confidential information or trade secrets



EXHIBIT
A

concerning the business of the Company or of other firms with which the Company does business, which has been or is hereafter disclosed to the Employee by or through the Company, whether the same relate to business then being carried out or contemplated by the Company or by another firm with which the Company is doing business.

(4) Matters Which Need Not Be Kept Confidential: The Employee shall not be obligated to hold in confidence any information described in paragraph (3) above which (a) shall be in or become part of the public domain through no fault of the Employee, or (b) shall have been known by the Employee prior to his employment by the Company as evidenced by written documents. The Company may authorize the Employee from time to time to disclose such confidential information to specific persons and at specific times. The Company may also from time to time restrict disclosure of confidential information to certain Co-Employees and, in such event, the Employee shall only be entitled to disclose and discuss confidential information with such Co-Employees.

(5) Documents and Records: The Employee agrees that upon termination of his employment, he will return to the Company and will not take with him any drawings, specifications, formulas or other documents containing confidential information of the Company or of other firms with which the Company does business or any reproduction thereof.

(6) Inventions To Be Excluded From This Agreement: The Employee has at the time of execution of this Agreement, no Invention, patented or unpatented, except those heretofore specifically assigned to the Company and those identified as follows which are excluded from this Agreement.

________________________________________

________________________________________

- If no Inventions are to be listed in the above space, write "none."

(7) Heirs and Assigns: This Agreement shall have application from the date of employment of the Employee with the Company and is binding upon the Employee, his heirs, executors, administrators and assigns, and shall inure to the benefit of the Company, its successors and assigns.

(8) Covenant Not to Compete: Employee agrees that during the term of employment and for a period of eighteen (18) months following the date of termination of employment, Employee shall not be involved in any business which sells, resells, manufactures, creates or designs products which are similar to or in any way compete with products sold by the Company at the time of the Employee's departure from the Company or which are planned to be sold, manufactured or traded by the Company at the time of the Employee's departure from the Company.

HR-E117(12-99)

(9) Remedies: Employee acknowledges that any violation of any of the terms of this Agreement may cause irreparable harm to the Company and, for that reason Employee agrees that in the event of such violation, the Company shall be entitled to immediate temporary, preliminary and/or other injunctive relief in addition to such other enforcement of legal rights and remedies, including monetary damages, which the Company may have.

(10) Enforceability: If any of the terms of this Agreement are held or construed to be invalid and unenforceable, this invalidity or unenforceability shall not affect the enforceability of the remainder of this Agreement, which shall be given full effect, without regard to any invalid or unenforceable portions.

(11) Modifications: In the event that any of the terms of this Agreement are held in a judicial proceeding to be unenforceable because of the duration of such provision or the extent of subject matter covered, employee agrees that the court making such determination shall have the power to modify the duration and/or extent of such provision, and in its modified form said provision shall then be enforceable.

(12) The Company Plants and Facilities: For the purpose of this Agreement the term "Company" shall mean JOHNSON TRUCK BODIES, INC. and all of its plants and facilities, except that (1) for the purposes of paragraphs 1 and 2 hereof, the Inventions which are the subject matter thereof shall be assigned to JOHNSON TRUCK BODIES, INC. or its parent, Carlisle Companies, Incorporated and (2) for the purposes of paragraph 2 hereof, the disclosure required by the provisions of such paragraph shall be made by the Employee solely to JOHNSON TRUCK BODIES, INC.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed this 5TH day of DECEMBER, 2003.

In the presence of:

JOHNSON TRUCK BODIES, INC.

By: [signature]

________________

________________

In the presence of:

[signature]
Employee

________________

________________

HR-E117(12-99)